*In re* NA LEPA.

CONTEMPT—DUE PROCESS—INTRODUCTION OF PERSON TO JUDGE WITHOUT DISCLOSING PARTY TO BE AN ATTORNEY.

The summary punishment of petitioner for habeas corpus who introduced another person to judge before whom a defendant was about to be brought for sentence as a friend of such defendant without disclosing to the judge that such other party was an attorney who had and was to receive compensation for alleged services, that said other person was not an attorney of record but that there was another attorney of record, constituted a deprivation of liberty without due process of law where petitioner was not served with process nor given an opportunity to defend himself and the admitted and known facts committed in the presence of the court were not such as would constitute a violation of the statute relating to contempts (3 Comp. Laws 1929, §§ 13911, 13912).

Habeas corpus to the sheriff of Wayne county. Ancillary certiorari to Honorable Joseph A. Gillis, Judge of the Recorder's Court of Detroit. Sub-

mitted June 3, 1941.   (Calendar No. 41,545.)   Decided June 30, 1941.

Barney Na Lepa was sentenced to imprisonment for contempt of court.   Order set aside and petitioner discharged without prejudice.

*Anthony A. Vermeulen* and *Louis J. Colombo, Jr.,* for petitioner.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Ralph E. Helper,* Assistant Prosecuting Attorney, for respondent.

SHARPE, C. J.   Petitioner, Barney Na Lepa, seeks to vacate a sentence of imprisonment for contempt of court which was summarily imposed without a trial.

In the petition for a writ of certiorari, it is averred that petitioner went to the chambers of Judge Gillis on February 14, 1941, at about the hour of 11 a.m., and there introduced to Judge Gillis one Charles Wolpin; that petitioner then left the chambers and court room; that about 4 p.m. of the same day, petitioner was informed that Judge Gillis wished to see him and as a result of such information he went to see Judge Gillis; and that about 6 p.m. of that day, Judge Gillis sentenced him for contempt of court.

The commitment recites that petitioner brought Charles Wolpin into court and presented Charles Wolpin to Judge Gillis as a friend of a defendant who was about to be sentenced and concealed from the court "the fact that said Charles Wolpin was an attorney at law who had and was to receive compensation for alleged services, all of which was

within his knowledge, well knowing that the said Charles Wolpin was not attorney of record, but that there was an attorney of record in the said cause, and well knowing that the said Charles Wolpin was participating in the court proceedings under the guise of a friend;" and concealed from the court the fact that "the said Charles Wolpin had received compensation, to-wit, $100, for alleged services to the defendant in the said cause;" and represented to the court that "the defendant was a friend of his, when, as a matter of fact, he was not and that he never had met or known the defendant, all of which tended to impair the respect and dignity due the court."

Judge Gillis filed a return to the writ of certiorari; and in a brief filed in his behalf by the attorney general of the State of Michigan and the prosecuting attorney of Wayne county, we find the following statement:

"Respondent respectfully states to this court that, upon further consideration of the matter after issuance of writs by this court, and an examination of the law, he believes that he was without jurisdiction to punish petitioner summarily."

We have carefully examined the record and briefs in this cause and find that no charge was filed against petitioner. He was not informed of the nature of the charge against him. He was not served with any process or given an opportunity to defend himself. In the case at bar, a part of the transaction charged as contemptuous transpired "in the immediate view and presence of the court," but other transactions occurred outside the hearing of the court. The admitted and known facts committed in the presence of the court were not such as would constitute a violation of 3 Comp. Laws 1929, § 13911

(Stat. Ann. § 27.512), nor was the procedure such as to comply with 3 Comp. Laws 1929, § 13912 (Stat. Ann. § 27.513). Under the facts, it must be held that petitioner was deprived of his liberty without due process of law.

The order of contempt must be set aside and vacated, and the petitioner discharged without prejudice. No costs.

BUSHNELL, BOYLES, CHANDLER, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.